IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANNE RODRIGUEZ, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 18-CV-2243-G-BK |
| | § | |
| U.S. BANK, N.A. AND SELECT | § | |
| PORTFOLIO SERVICING, INC., | § | |
|     DEFENDANTS. | § | |

FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Pretrial Management Order*, Doc. 8, this case has been referred to the undersigned United States magistrate judge. Now before the Court is Defendants' *Motion to Dismiss*. Doc. 5. For the reasons that follow, Defendants' motion should be **GRANTED IN PART**.

A.   Procedural Background

In August 2018, Plaintiff, who is represented by counsel, filed a petition against Defendants in state court seeking to prevent the impending foreclosure of her home (the "Property"). Doc. 1-5 at 2. She alleged (1) violations of Texas Property Code subsections 51.002(b)&(d) in connection with Defendants' attempts to foreclose and lack of proper notice; (2) violation of Texas Debt Collection Act ("TDCA") sections 392.301(a)(8), 392.303(a)(2), and 392.304(a)(8)&(19), in connection with Defendants' debt collection activities; and (3) breach of contract, namely the deed of trust ("DOT") governing the Property. Doc. 1-5 at 4-9. Plaintiff also sought injunctive and declaratory relief. Doc. 1-5 at 9-10. Defendants removed the case to this Court in August 2018 and filed the instant motion to dismiss thereafter. Doc. 1; Doc. 5.

**B. Applicable Law**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. I*n re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011*)* ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

**C. Parties' Arguments and Analysis**

   *1. Plaintiff's Challenge to Defendants' Authority to Foreclose*

As an initial matter, Plaintiff appears to claim in her petition that Defendants cannot enforce the DOT or foreclose on the Property because: (1) there is no recorded assignment for transfer of the DOT securing the Property from the original mortgagee, WMC Mortgage

2

Corporation ("WMC"), to any another entity; (2) Defendant U.S. Bank NA ("U.S. Bank") thus did not have the capacity as mortgagee to appoint Select Portfolio Servicing ("SPS") as substitute trustee; and (3) as a result, Defendants cannot conduct a trustee's sale of the Property. Doc. 1-5 at 4-5.

In their motion to dismiss, Defendants assert that (1) there is no legal requirement that an assignment of a DOT must be recorded prior to foreclosure; and (2) in any event, the assignment was publicly recorded and demonstrates that U.S. Bank is the mortgagee of record with the power to enforce the DOT, and SPS may administer the foreclosure on behalf of U.S. Bank. Doc. 5 at 12-13; *see* Doc. 6 at 25 ("Corporate Assignment of Deed of Trust," electronically recorded on January 11, 2013, providing that MERS "as nominee for [WMC], it successors and assigns" assigns the DOT to U.S. Bank).

Plaintiff responds that WMC no longer existed when the DOT was purportedly assigned by WMC to U.S. Bank in January 2013, because WMC had merged with another entity and been dissolved years earlier.   Doc. 10 at 4-5; *see also* Doc. 15 at 3 (Plaintiff's Appendix containing State of California Secretary of State certificate of filing, which shows that [a] WMC, a California corporation, had merged into WMC Finance Co., a Delaware corporation; and [b] WMC would "cease to exist" on December 28, 2007).

Upon consideration, the Court concludes that Plaintiff's argument lacks merit.   A review of the relevant documents indicates that the DOT between Plaintiff and WMC was signed in May 2006.   Doc. 6 at 4.   The DOT specifies that WMC is the lender and lists Mortgage Electronic Registration System ("MERS") as the beneficiary of the DOT and as nominee for WMC and its successors and assigns.   Doc. 6 at 4-5.   In January 2013, MERS, "as nominee for

3

[WMC], its successors and assigns" assigned the DOT to U.S. Bank. Doc. 6 at 25. The assignment was recorded shortly thereafter. Doc. 6 at 25. Plaintiff has provided proof that WMC was no longer in existence as of December 2007. Doc. 15 at 3. Even so, the 2013 assignment of the DOT from MERS to U.S. Bank is not void because WMC previously had merged into WMC Finance Co., which thus became WMC's "successor" by merger. *See Marban v. PNC Mortg.*, No. 3:12-CV-3952-M, 2013 WL 3356285 at *5 (N.D. Tex. July 3, 2013) (Lynn, J.) ("Here, as the original Lender, National was the 'beneficiary' under the deed of trust and therefore the mortgagee of Plaintiffs' mortgage. Upon its merger with National, Defendant, as the surviving entity, automatically acquired National's status as Lender and mortgagee, as well as all of its interests in property."); *see also Lewis v. Wells Fargo Bank, NA*, 939 F.Supp.2d 634, 638 (N.D. Tex. 2013) ("Wells Fargo's authority to foreclose derives, not from an assignment, but from the fact that it is the successor by merger" with another entity). As such, MERS had the ability to assign the DOT to U.S. Bank.

  2. *Violations of the Texas Property Code Section 51.002 and Wrongful Foreclosure*

Defendants next assert that there is no private right of action under section 51.002, and courts have instead construed such claims as claims for wrongful foreclosure, which Plaintiff cannot demonstrate because (1) she does not state in her petition that any foreclosure sale occurred; and (2) she is allegedly still in possession of the Property. Doc. 5 at 13-16. Plaintiff concedes that there is no private cause of action under section 51.002, but asserts that mortgagees and mortgage servicers must still abide by section 51.002's notice mandates and did not do so in this case. Doc. 10 at 5-6.

As the parties acknowledge, section 51.002 provides no private cause of action, and the case law supports that conclusion. See, e.g., Rucker v. Bank of Am., N.A., 806 F.3d 828, 831 (5th Cir. 2015) (citation omitted); Ashton v. BAC Home Loans Serv., L.P., No. 4:13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013); Hill v. Wells Fargo Bank, N.A., No. V-12-11, 2012 WL 2065377, at *7 (S.D. Tex. June 6, 2012)). Thus, Plaintiff's claim sounds in wrongful foreclosure. See Foster v. Deutsche Bank Nat'l Tr. Co., 848 F.3d 403, 406 (5th Cir. 2017) (per curiam) (citing Marsh v. Wells Fargo Bank, N.A., 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) for the proposition that a trustee's failure to comply with the notice provisions of section 51.002 is not an independent tort and, instead, yields a cause of action for wrongful foreclosure).

Plaintiff states in her petition that she resides at the Property, describes Defendants' threats to foreclose, and seeks an injunction to bar any foreclosure sale. Doc. 1-5 at 2-9. Because no foreclosure sale has occurred, her construed wrongful foreclosure claim fails.[1] Foster, 848 F.3d at 406.

### 3. Breach of Contract

Defendants next argue that Plaintiff's breach of contract claim fails as a matter of law because it is premised on the same allegations that underlie Plaintiff's failed claim based on alleged property code violations. Doc. 5 at 17; see Doc. 1-5 at 8-9 (state court petition alleging that U.S. Bank breached the DOT by violating sections 51.002 and 51.0025 of the Texas

---

[1] Plaintiff asserts in her response brief that attempted wrongful foreclosure provides her a viable cause of action. Doc. 10 at 5-6. The United States Court of Appeals for the Fifth Circuit, however, has explicitly rejected that argument. See Foster, 848 F.3d at 406-07 ("courts in Texas do not recognize an action for attempted wrongful foreclosure.") (citations omitted).

5

Property Code). Plaintiff responds that U.S. Bank's failure to abide by the Texas Property Code as required by paragraphs 16 and 22 of the DOT constituted a breach of that agreement. Doc. 10 at 5-6.

Even if that were true, however, Plaintiff does not allege that she complied with the terms of the DOT by timely making her mortgage payments, as would be required for her to state a claim for breach of contract. *See Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014) (noting that one of the elements of a claim for breach of contract is performance or tender of performance by plaintiff). Indeed, implicit in Plaintiff's pleadings is the admission that she failed to make the mortgage payments as required. A party who has breached a loan agreement by failing to make mortgage payments has no plausible claim for breach of contract. *Prather v. CitiMortgage, Inc.*, No. 4:18-CV-668-A, 2019 WL 131853, at *3 (N.D. Tex. Jan. 8, 2019) (McBryde, J.) (citing cases). As such, Plaintiff's breach of contract claim should be dismissed. *See id.* (holding that purported violations of statutory provisions do not constitute breach of a DOT).

   *4.   Texas Debt Collection Act*

   a. Pleading Damages

As an initial matter, Defendants assert that Plaintiff cannot sustain any of her TDCA claims because she has not "prove[d] that she suffered an actual, foreseeable injury." Doc. 5 at 20. The TDCA generally does require a showing of actual damages for a plaintiff to receive a monetary award other than attorney's fees. TEX. FIN. CODE § 392.403(a). Moreover, Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6). Thus, Plaintiff is not required to "prove" actual damages at this stage. *In re Trevino*, 535 B.R. 110, 144 (S.D. Tex.

2015). The Court need only review the amended complaint to determine whether it can withstand a Rule 12(b)(6) motion. Plaintiff stated in her complaint that she suffered actual damages as a result of Defendants failing to properly account for her payments and demanding that she pay Defendants additional sums that she did not owe. Doc. 1-5 at 7. As such, she has satisfied the general pleading requirements for damages for those claims not subject to dismissal as addressed *infra*.

      b. Texas Financial Code Section 392.301(a)(8)

This section prohibits mortgage servicers from attempting to recover an outstanding loan by threatening to take an action prohibited by law. Plaintiff alleged in her petition that Defendants violated section 392.301(a)(8) by:

> (1) failing to give proper notice before acceleration and the substitute trustee's sale as required by section 51.002(d);[2] and
>
> (2) having one or more notices of sale that failed to comply with the notice requirements of section 51.002(b).

Doc. 1-5 at 5-6.

Defendants argue that Plaintiff's claims under this section fail because foreclosure or the threat thereof is not prohibited by section 392.301(a)(8) when a mortgagor has defaulted on the mortgage as in this case. Doc. 5 at 20-21 (collecting cases). In response, Plaintiff simply realleges that U.S. Bank threatened to or did take unspecified "actions prohibited by law" relating to the threatened sale of the Property. Doc. 10 at 7.

---

[2] Plaintiff also argues that Defendants wrongfully gave notice because they lacked the legal capacity to do so at the time. Doc. 1-5 at 6. The Court rejected that argument *supra* at page 4.

While section 392.301(a)(8) does prohibit mortgage servicers from threatening to take an action prohibited by law, "foreclosure, or the threat of foreclosure, is not an action *prohibited by law* when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, NA*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) (Stickney, J.) (citations omitted) (emphasis added).  Accordingly, Plaintiff's claim under section 392.301(a)(8) fails, and Defendants' alleged failure to abide by the notice provisions of section 51.002 is, therefore, immaterial. See *Rucker*, 806 F.3d at 831 (noting that, "irrespective of any statutory notice requirements," a mortgagee does not violate section 392.301(a)(8) when it retains its contractual right to foreclose and the mortgage was in default).  Plaintiff's claim based on this section should be dismissed.

    c. <u>Texas Financial Code section 392.303(a)(2)</u>[3]

Section 392.303(a)(2) prohibits mortgage servicers from using unconscionable or unfair methods such as "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless [the fee] is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." *Rucker*, 806 F.3d at 831 (alteration in original) (quoting TEX. FIN. CODE § 392.303(a)(2)).

Plaintiff alleged in her petition that Defendants violated section 392.303(a)(2) by:

(1) failing to properly account for and acknowledge payments she made and then demanding payment of sums in excess of those permitted under the note and DOT; and

(2) threatening to conduct one or more substitute trustee sales to deprive Plaintiff of the Property.

---

[3] Although Plaintiff argues in her response to the dismissal motion that she has stated a claim for relief under section 392.303(a)(3), Doc. 10 at 8-9, her petition does not include any such claim.

Doc. 1-5 at 6.

Defendants argue that Plaintiff has failed to state a claim under this subsection because she does not allege sufficient facts to show that Defendants attempted to collect charges that were not authorized by the note and/or DOT. Doc. 5 at 21-23. Specifically, Defendants contend that Plaintiff alleged that charges had been imposed, but did not identify the amounts considered to be unfair, instead alleging only that unspecified payments were not accounted for or acknowledged. Doc. 5 at 23. Plaintiff responds that Defendants "plainly charged [her] for the expenses associated with their wrongfully issued trustee sale notices and acceleration notices." Doc. 10 at 8.

To state a claim under section 392.303(a)(2), a plaintiff must make more than a general assertion of "wrongful charges" and must specifically identify the unauthorized fees or penalties that the defendant imposed. *See Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 240 (5th Cir. 2014); *Clark v. Wells Fargo Bank, N.A.,* No. 3:18-CV-1147-G-BN, 2018 WL 6048007, at *6 (N.D. Tex. Oct. 25, 2018) (Horan, J.) (collecting cases), *adopted by* 2018 WL 6042886 (N.D. Tex. Nov. 16, 2018). In *Williams*, the plaintiffs argued that the defendant had "imposed numerous charges" and their account was assessed wrongful charges related to tax and insurance on the property. *Williams*, 560 Fed. App'x at 240. The Fifth Circuit held that because the plaintiffs had "failed to allege that the imposition of any of the charges was not authorized by the parties' agreement or not legally chargeable to them," their general assertion of "wrongful charges" was insufficient to state a claim under section 392.303(a)(2). *Id.*

In the instant case, however, Plaintiff did allege that Defendants collected or attempted to collect charges or fees that were "not expressly authorized by the [DOT] and/or Note and legally

9

chargeable to" Plaintiff by failing to properly account for payments she made and demanding payment of sums in excess of those permitted by the note and DOT.  Doc. 1-5 at 6.  Plaintiff further specified that the sums at issue relate to the trustee's predicate notices of sale.  Doc. 1-5 at 6; *see also* Doc. 10 at 8 (arguing in response to dismissal motion that Defendants "plainly charged [her] for the expenses associated with their wrongfully issued trustee sale notices and acceleration notices.").  Plaintiff has thus stated a claim for a violation of section 393.302(a)(2) and dismissal of that claim is not warranted.

      d. <u>Texas Financial Code section 392.304(a)(8)</u>

"Section 392.304(a)(8) prohibits mortgage servicers from making misrepresentations about a debt."  *Rucker*, 806 F.3d at 832.  Plaintiff asserted in her petition that Defendants used deceptive acts or practices and misrepresented the status of her debt and/or made a fraudulent representation to her in that they: (1) failed to properly account for payments Plaintiff made, resulting in wrongful acceleration of the note; and (2) demanded that Plaintiff pay one or more sums above the amounts provided by the note and/or DOT "that were not owed to Defendants related to foreclosure activity."  Doc. 1-5 at 6-7.

      Defendants contend that Plaintiff did not allege in her petition that any of their purported misrepresentations caused her to believe that she: (1) did not have a mortgage debt of the specific amount she owed, or (2) had not defaulted.  Doc. 5 at 23.  Plaintiff responds that U.S. Bank misrepresented on multiple occasions that it could lawfully accelerate and post the Property for a trustee's sale even though the predicate notices of default and opportunity to cure had not been given.  Doc. 10 at 7.  She further asserts that it was "a misrepresentation that each demand for

payment of the fees associated with the wrongful postings were added to" the payoff balance on her loan.   Doc. 10 at 7-8.

To state a claim under section 392.304(a)(8), Plaintiff must allege that Defendants "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted."   *Rucker*, 806 F.3d at 832.   The first aspect of Plaintiff's complaint under this section—that U.S. Bank wrongfully told her that it could legally accelerate the loan and post the Property for sale—plainly does not satisfy any of the three elements set forth in *Rucker*.   The second aspect of Plaintiff's claim is a different matter.   Defendants' alleged failure to account for the payments Plaintiff made and demand that she pay more than she owed could constitute a misrepresentation of "the specific amount she owed."   *Id.*   As such, dismissal of this claim is not warranted at this stage of the proceedings.

    e. Texas Financial Code section 392.304(a)(19)

This section is a "catch-all provision" that prohibits the use of "any other false representation or deceptive means to collect a debt."   *Williams*, 560 Fed. App'x at 240-41. Plaintiff asserted in her petition that Defendants used deceptive acts or practices and misrepresented the status of her debt and/or made a fraudulent representation by: (1) failing to properly account for payments Plaintiff made; and (2) demanding that she pay sums of money not required by the note and/or DOT.   Doc. 1-5 at 6-7.

Defendants argue that this claim should be dismissed because Plaintiff did not allege any specific facts showing that they had made an affirmative statement that was either false or misleading.   Doc. 5 at 25.   Plaintiff responds that U.S. Bank's representations implicit in

posting her Property for sale were deceptive because she had not been given the required notices of default and opportunity to cure.   Doc. 10 at 8.

As an initial matter, the Court notes that Plaintiff's argument in her response does not comport with the factual allegations and legal theory she set forth in her petition.   Indeed, she is presenting altogether new arguments as to how Defendants violated section 392.304(a)(19). Regardless, Plaintiff has failed to state a claim under section 392.304(a)(19) under any of her theories.

To maintain a claim under section 392.304(a)(19), Plaintiff must allege that Defendants made an "affirmative statement " that was false or misleading, and she has not done so. *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).   Defendants' alleged failure to provide Plaintiff with a proper accounting, demand for additional money, and posting the Property for sale do not constitute affirmative false statements.   Accordingly, this claim should be dismissed.

   5.   *Declaratory and Injunctive Relief*

Defendants next urge that Plaintiff's requests for declaratory and injunctive relief should be dismissed because she has failed to state any viable causes of action.   Doc. 5 at 25-26. Plaintiff responds that she has established a clear basis for both types of relief.   Doc. 10 at 9.

Plaintiff's state declaratory judgment claim is construed as an action seeking relief under the federal Declaratory Judgment Act.   See *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (stating that when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act).   That Act provides that any federal court may declare the rights and legal

12

relations of any interested party.   The availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right.   *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

Similarly, injunctive relief is an "equitable remedy, not an independent cause of action," and there is no controversy when a court dismisses all underlying substantive claims.   *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509-N, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions*, LLC, No. 11-CV-0109-D, 2011 WL 1833022 at *4 (N.D. Tex. May 13, 2011) (Fitzwater, C.J.)).   Because Plaintiff has stated a cognizable claim for violations of sections 392.304(a)(2) and 392.304(a)(8) of the TDCA, her requests for declaratory and injunctive relief should not be dismissed at this time. *See Watson v. CitiMortgage, Inc.*, 814 F.Supp.2d 726, 738 (E.D. Tex. 2011).

**D.  Conclusion**

For the reasons stated above, Defendants' *Motion to Dismiss*, Doc.5, should be **GRANTED IN PART** to the extent set forth above.

**SO RECOMMENDED** on March 1, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

13

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

14